THE NATIONAL BANK OF CHEMUNG *vs.* CLARK S. INGRA-
HAM, impleaded &c.

On the formation of a partnership between S. & I. under the firm name of
"J. S.," a note was made by S. in his own name, which he procured to be
discounted by the plaintiff, for the purpose of enabling him to pay in his
share of the capital. S. did not represent to the plaintiff that it was a firm
note; and the payees, as officers of the plaintiff's bank, knew, or had good
reason to believe, that the note was not the note of the firm, but was the indi-
vidual note of S. *Held* that I. was not liable as a party to the note, in any
form; and no recovery could be had against him by the plaintiff, as holder
thereof.

*Held, also,* that even if the note had been discounted after the partnership had
commenced business, the legal presumption would be that it was the note
of the individual who signed it, and not the note of the firm.

That to entitle the holder to recover, in such a case, against the partners, it
must go further, and prove either that the money for which the note was
given was borrowed on the credit of the partnership; or that it was used,
when obtained, in the business of the partnership.

That the burthen of proof was upon the plaintiff, to show that the note was
discounted upon the credit of the partnership.

That if the lender did not know of the partnership; or if the money was loaned
on the individual credit of the maker of the note; the fact that the money
was applied to the business of the firm did not create a liability on the part
of the firm, or constitute the lender a creditor of the firm.

THIS is an appeal from a judgment entered upon the
report of a referee. The action was upon a promis-
sory note drawn by one John Sibson, of which the follow-
ing is a copy:

"$1800.                            Elmira, Feb. 5, 1868.

Three months after date I promise to pay to the order
of C. M. & H. W. Beadle, eighteen hundred dollars, at the
National Bank, Chemung; value received.

(signed)                    JOHN SIBSON."

The issues in the action were referred to the Hon. Lu-
cius Robinson, as sole referee, who reported thereon as
follows:

In the month of December, 1867, the defendants, Sibson
& Ingraham, agreed that they would enter into a copart-

nership in the clothing business, in the city of Elmira. Articles of copartnership were prepared, dated January 1, 1868, but not signed until the 20th of February, 1868. A store was hired in which to carry on the business, and Sibson went to New York and purchased goods on short credit, and the store was opened for business, on or about the 12th day of January, 1868. The business was conducted in the name of "John Sibson," which was the firm name. The capital contributed by the partners, respectively, was not paid in until the 5th of February, 1868. On the last mentioned day, Sibson made the note mentioned in the complaint, and procured the same to be discounted by the plaintiff, the National Bank of Chemung, for the purpose of enabling him to pay in his share of the capital, and the money so procured was used by him in paying for the goods previously purchased. Sibson, at the time of procuring the said discount, did not represent the said note as being the note of the firm, and it was in fact his own individual note, and not the note of said firm. The firm did not make any notes or procure any discounts. Sibson stated to the officers of the bank, or one of them, that he wanted the money until such time as he could get money due to him from parties in the west. The cashier of said bank requested him to get the defendant Ingraham to indorse the note, and Ingraham, on being applied to in pursuance of such request, refused to make such indorsement. The cashier and assistant cashier of the said bank, with whom the negotiations for said discount took place, knew, or had good reason believe, that the note was not the note of the firm, but was the individual note of the said John Sibson.

The referee found, as conclusions of law, that the defendant Ingraham was not liable as a party to the said note in any form, and that the plaintiffs were not entitled to recover anything against him, in this action; and that the defendant Ingraham was entitled to judgment against the

plaintiff for his costs of this action. He therefore decided, adjudged and reported that the said defendant Ingraham should recover from the plaintiff his said costs.

*S. B. Tomlinson*, for the plaintiff.

*John A. Reynolds*, for the defendant.

POTTER, J. The plaintiff presents in his brief and argument but two objections to the ruling of the referee, on the trial, and we shall assume that he is satisfied with all the decisions except those presented to, and discussed before the court. In order to understand the objections presented, it is proper to say that the defendant Ingraham is sued upon the theory that though not a party, nominally, to the note in suit, he was a party by reason of his being a copartner in business with Sibson, the drawer of the note ; the copartnership business being carried on in the name of John Sibson. And the theory of the defense is, that the copartnership was really formed at the date of the note ; that the money raised by Sibson upon the note was for the purpose of furnishing Sibson with his share of the capital ; and that it was raised and obtained for that purpose, and upon the individual credit of Sibson. The referee has found the defendant Ingraham's theory to be true, as a fact, and there is satisfactory evidence in the case to sustain this finding. It may also be stated as undisputed, that of the two payees named in the note, the one was the cashier, and the other the assistant cashier of the plaintiff; that the money obtained upon the note in question was applied in payment of goods purchased for the copartnership ; and that the articles of copartnership were signed, and the capital of the partners furnished, on the 5th day of February, 1868, the date of the note.

On the trial, the defendant Ingraham was sworn as a witness, and testified to having seen this note on the 4th

National Bank of Chemung *v.* Ingraham.

day of February, and was requested by Sibson to indorse it, which he declined to do ; and that in the afternoon of that day he saw in Sibson's possession a certificate of deposit for $1800, in the handwriting of H. W. Beadle, the cashier of the plaintiff's bank. Then this interrogatory was put to him : "Was this $1800, the avails of the note, John Sibson's individual share of the capital of the firm of John Sibson ?" To which the plaintiff's counsel objected, as immaterial and incompetent. "It calls for the opinion or conclusion of the witness. It does not appear that the witness has any knowledge as to whether the money was advanced by the plaintiff to Sibson, or to whom, or for what purpose, it was advanced, and the testimony cannot affect the plaintiffs." Which objections the court overruled, and allowed the evidence ; and to which ruling and decision the plaintiff's counsel excepted.

*A.* "It was his share of the capital of the firm; his share was to be $2000."

This is the first objection that is claimed to be error.

It appears to me that this question called for a fact that was material to the case, viz : whether this money was the individual portion of one of the copartner's capital. If, in answering it, the witness had sworn to an opinion, or to a conclusion, the *answer* should have been striken out. And it was in the power of the plaintiff, by cross-examination, to test the knowledge of the witness as to this fact. As the answer stood, it purported to be an answer of fact, from knowledge, and a material fact. No objection was made to the form of the question. I do not think this ruling was error.

The second objection arises upon an interrogatory, and answer of John Sibson, the other defendant, who was sworn as a witness for Ingraham, as follows:

Fifth Interrogatory. "Before you negotiated the note, did any of the officers of the National Bank of Chemung, or either of the payees of the note, know for what

purpose the money was procured by you? If yes, state which ones knew it, and how they knew it. If by information from you, state fully what you said to them, and to whom you said it, and whether your statement was made to them before the note was negotiated by you."

To which, and the answer thereto, the plaintiff's counsel objected, as immaterial and incompetent, on the ground that declarations of Sibson, made to the payees of the note or the officers of the bank, before the note was negotiated, were inadmissible; which objection the court overruled, and received the evidence; and to such ruling and decision the plaintiffs' counsel excepted.

*A.* "They did; I mentioned to both C. M. Beadle and H. W. Beadle that I wanted the money until such time as I could get money due me from parties in the west; which money I meant to apply to satisfy the note when it became due; this statement was made before the note was negotiated."

I am equally unable to discover any error in this ruling of the referee. It was an inquiry for evidence upon the very point upon which the case, as against Ingraham, must depend. These are all the objections urged to the referee's rulings, upon the trial.

The general objection, that the report of the referee is contrary to law, is only left for consideration. In discussing this question we must assume the facts found by the referee to be true: That the note in question was discounted, and the money procured, to enable Sibson to pay in his share of the copartnership capital; that Sibson did not represent to the plaintiff that it was a firm note; that the payees of the note, as officers of the plaintiff's bank, knew, or had good reason to believe, that the note was not the note of the firm, but was the individual note of John Sibson.

It requires no extended argument to demonstrate that the legal conclusion of the referee was sound and correct.

National Bank of Chemung *v.* Ingraham.

Even if this note had been discounted after the copartnership had commenced business, the legal presumption would be that it was the note of the individual who signed it, and not of the firm. To entitle the plaintiff to recover in such case against the partners, they must go further, and prove either that the money for which the note was given was borrowed on the credit of the partnership, or that it was used, when obtained, in the business of the partnership. (*Oliphant* v. *Mathews*, 16 *Barb.* 610, *and cases cited.*) The burthen of proof was upon the plaintiffs, to show that the note was discounted upon the credit of the copartnership. (*Manufacturers' Bank* v. *Winship*, 5 *Pick.* 13.) If the lender did not know of the partnership, or if the money was loaned on the individual credit of the drawer of the note, the fact that the money was applied to the business of the firm does not create a liability of the firm. (*Story on Part.* § 139. 5 *Mason*, 176.)

The written contract in this case was made between the plaintiff and Sibson ; the avails were for the private benefit of Sibson. The law is well settled, that Ingraham was not liable. Such a loan, though the borrower applied the avails to pay debts of the firm, does not constitute the lender a creditor of the firm. (*Green* v. *Tanner*, 8 *Metc.* 411. 15 *East*, 6.) The judgment should be affirmed.

MILLER, P. J., concurred.

PARKER, J., concurred in the result.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, September 6, 1870. *Miller*, P. J., and *Potter* and *Barker*, Justices.]